IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTIE BALL**                                                                                           **PLAINTIFF**

v.                                              **CASE NO. 3:25-CV-3014**

**THE CITY OF EUREKA SPRINGS, ARKANSAS;**
**ROBERT BUTCH BERRY, Individually and in his**
**Official Capacity as Mayor; JEFFREY S. GRIFFITH;**
**and CHRISTOPHER BARANYK**                                                           **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Christie Ball has filed this lawsuit against the City of Eureka Springs, Arkansas, its Mayor, Robert Butch Berry, and two private citizens of that City: Jeffrey S. Griffith and Christopher Baranyk. Her Complaint states one cause of action against all Defendants, for an unlawful taking of her private property without due process or just compensation, in violation of the Fifth and Fourteenth Amendments of the United States Constitution. *See* Doc. 2, ¶¶ 28–44. The property at issue is three commercial billboards located within Eureka Springs. *See id.* at ¶ 8. Ms. Ball alleges that the City has used the permitting process to prevent her from rehabilitating and restoring these billboards, and that the reason ultimately given to her for this was that there is an ongoing dispute between Ms. Ball and Defendants Griffith and Baranyk regarding ownership of the billboards. *See id.* at ¶¶ 8–24. Ms. Ball claims that this constitutes a regulatory taking of her private property to benefit private persons in violation of her Constitutional rights. Her lawsuit is brought under 42 U.S.C. § 1983, which provides a private right of action against state actors who deprive citizens of federal civil rights.

Defendants Griffith and Baranyk have moved under Rule 12 of the Federal Rules of Civil Procedure to dismiss Ms. Ball's claims against them. Their primary argument is

1

that actions filed under § 1983 may only be brought against state actors, and that Ms. Ball has not pleaded sufficient facts to show that they were state actors or otherwise acting under color of state law.  Therefore, they contend, her Complaint fails to state a claim against them.

Confusingly, Defendants Griffith and Baranyk frame this as a question of whether this Court has subject matter jurisdiction over Ms. Ball's claims against them.  The Court agrees with Ms. Ball that it obviously has subject matter jurisdiction here.  The questions of whether these Defendants violated the federal Constitution, and of whether a lawsuit is properly brought against them under a federal civil rights statute, are federal questions which this Court has jurisdiction to address under 28 U.S.C. §§ 1331 and 1343.  The sufficiency of Ms. Ball's pleadings against these Defendants goes not to this Court's jurisdiction, but rather to whether those pleadings should be dismissed as to these Defendants under Rule 12(b)(6) for failure to state a claim against them upon which relief may be granted.

To survive dismissal under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  In ruling, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party."  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quotation marks omitted).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

It is well-established that for a private actor to be liable under § 1983, he "must be a willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quotation marks omitted). In that regard, a plaintiff "must plausibly allege a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Id.* (quotation marks omitted). Importantly, "multiple contacts between" the private and state actors in question "do not, without more," support a reasonable inference that the private actors conspired with the state to deprive a plaintiff of her constitutional rights. *See id.*

For example, in *Mershon v. Beasley*, the plaintiffs alleged that a private citizen, William Beasley, conspired with a county prosecutor to have criminal fraud charges brought against them for the purpose of collecting a civil debt that they owed to an organization which employed Mr. Beasley. *See* 994 F.2d 449, 450–51 (8th Cir. 1993). This claim was brought under § 1983. The Eighth Circuit held that the evidence submitted at trial "was insufficient as a matter of law on the question of a mutual understanding, or a meeting of the minds, between Mr. Beasley and the county prosecutor and therefore that the § 1983 claim against Mr. Beasley should not have been submitted to the jury." *Id.* at 452. The Eighth Circuit elaborated:

> It is undisputed that there were multiple contacts between Mr. Beasley and the county prosecutor, both by phone and by letter. [His employer] was, however, the complaining party in the criminal case. We do not believe that the fact of these contacts, by themselves and without more, allows the inference that Mr. Beasley and the county prosecutor ever reached any

>   mutual understanding that [Mr. Beasley's employer] would use the criminal process for the purpose of collecting its civil debt.

*Id.*

The facts in *Mershon* are strongly analogous to the allegations in Ms. Ball's Complaint. Her Complaint's only allegations regarding Defendants Griffith and Baranyk are that they were involved in civil litigation with her regarding ownership of the billboards, *see* Doc. 2, ¶ 10, that they met and communicated with the Mayor and the City's building inspector about the billboards, *see id.*, that at some point Defendant Griffith attempted to physically interfere with Ms. Ball's restoration work on one of the billboards, *see id.* at ¶ 20, and that ultimately the building inspector denied her a final permit to restore the billboards on the grounds that her ownership of them was disputed, *see id.* at ¶ 24. But it is unremarkable, and not inherently unlawful, for parties who are disputing ownership over property to complain to relevant regulatory authorities about this dispute. The mere fact that communication between these private parties and state actors occurred is not sufficient, absent more, to support an inference that Defendants Griffith and Baranyk conspired with those regulatory authorities for some unlawful purpose. And the Complaint provides nothing more, other than the vague and conclusory allegation that these Defendants and the Mayor "were collectively responsible in conspiring to deprive Plaintiff of the use of her property." *See id.* at ¶ 25; *see also id.* at ¶ 41 ("Defendants Berry, Griffith, and Baranyk knowingly conspired among themselves to commit an unlawful act with the use of Berry under color of law involving the deprivation of the Plaintiff's lawful right to the use and ownership of her property . . . ."). Under *Magee*, *Mershon*, and Rule 12(b)(6), these threadbare allegations are insufficient to state a claim against Defendant Griffith and Baranyk under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that Defendant Jeffrey S. Griffith's Motion to Dismiss (Doc. 11) and Defendant Christopher Baranyk's Motion to Dismiss (Doc. 15) are both **GRANTED**. Plaintiff Christie Ball's claims against Defendants Griffith and Baranyk are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 2nd day of June, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE